IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION FILE |
| | : | NO. 1:13-CR-176-CAP-AJB |
| JOSE ISAC BAQUIS-SERRANO, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Before the Court is Defendant Jose Isac Baquis-Serrano's motion to dismiss the indictment. [Doc. 12]. At the pretrial conference, the Court gave the defendant until July 8, 2013, to perfect the motion and told Defendant that if he did not intend to file a perfected motion, he must inform the Court whether the motion would be withdrawn or needed to be ruled upon. The government filed a response to the defendant's motion to dismiss on July 30, 2013. [Doc. 19]. On August 19, 2013, the defendant advised the Court that the motion would not be perfected and asked the Court for a ruling on the motion. For the reasons that follow, the undersigned **RECOMMENDS** that the motion be **DENIED**.

*Introduction*

On December 17, 2007, Baquis-Serrano was convicted following his guilty plea to illegal reentry in violation of 8 U.S.C. § 3126(a), (b)(2) and was sentenced to forty-one months in custody followed by three years of supervised release. [Doc. 24 in No. 1:07-cr-217-WSD-CCH]. He was arrested on February 28, 2013, and charged with violation of his supervised release for reentering the United States without authorization. [Docs. 30, 38 in No. 1:07-cr-217-WSD-CCH].[1] Then, he was charged in an indictment in the present case on May 7, 2013, with being an alien who was found voluntarily on March 1, 2013, in this District after previously having been deported and removed from the United States, and without having received the required approval to reapply for admission to the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). [Doc. 1].

Baquis-Serrano claims in his motion to dismiss in this case that: he was arrested on February 28, 2013, on a warrant issued on a petition asserting that he violated the supervised release imposed upon him in No. 1:07-cr-217-WSD; at his initial appearance on March 1, 2013, he was appointed counsel and waived his preliminary hearing on the

---

[1] No final revocation hearing has been held as of the date of this Report and Recommendation. [*See* Dkt., No. 1:07-cr-217-WSD-CCH].

2

supervised-release-violation petition before Magistrate Judge Walker; he was not indicted in the present case until May 7, 2013; and he was not arraigned on the current charge until May 30, 2013. [Doc. 12 at 2-3]. He argues that his arrest on the supervised-release-violation warrant was, in effect, an arrest on the pending charge, and since he was not charged in the present indictment until 58 days later, he was denied his rights under Federal Rule of Criminal Procedure 5(a) to be brought before a magistrate judge "without unnecessary delay." He also contends that the rule announced in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), which requires that a defendant arrested without a warrant be brought before a judge for a probable-cause determination within forty-eight hours of his arrest, was violated. [*Id.* at 3]. He argues that the Court must decide whether the failure to indict him or present the new charges to him shortly after his arrest was unconstitutional. [*Id.* at 3-4].

In response, the government argues that Baquis-Serrano erroneously conflates two separate criminal cases, the supervised-release violation and the new criminal charges. The government argues that the defendant does not cite to any authority requiring the government to advise a person charged with a supervised-release violation at the time he appears on the violation petition that he is facing new charges as a result of the same conduct. [Doc. 19 at 3]. It also argues that no Fourth Amendment

3

violation occurred because the defendant was timely presented to a magistrate judge on the supervised-release-violation petition. [*Id.* at 3-4]. The government further submits that the applicable statute of limitations is the primary safeguard against bringing stale or untimely charges against a defendant, and the pending charge against the defendant was brought well within the five-year statute of limitations. [*Id.* at 4]. Finally, it argues that while due process prevents the government from delaying a prosecution in order to deliberately gain a tactical advantage over a defendant, Baquis-Serrano makes no claim in this case and has not shown that he was prejudiced by any delay. [*Id.* at 4-5]. Thus, the government argues that the motion should be denied.

### *Discussion*

The Court rejects Baquis-Serrano's arguments. Neither Rule 5, *McLauglin*, nor any other constitutional or statutory provision requires dismissal of the charge against him on the basis of any argument he has made.

First, there was no violation of Rule 5. Baquis-Serrano was arrested on a supervised-release-violation warrant on February 28, 2013, and was presented to Magistrate Judge Walker on March 1, 2013, in compliance with Federal Rule of Criminal Procedure 32.1(a)(1). *See* Fed. R. Crim. P. 32.1(a)(1) ("A person held in custody for violating probation or supervised release must be taken without

unnecessary delay before a magistrate judge."). There was no violation of the presentment requirement under Federal Rule of Criminal Procedure 5, because Baquis-Serrano was not charged with a new criminal offense, only a violation of his supervised release. *See United States v. Alvarez-Sanchez*, 511 U.S. 350, 354 (1994) (describing requirement of Rule 5 presentment upon arrest of a person for a "federal offense"). *Cf. United States v. Smith*, 500 F.3d 27, 31 (1st Cir. 2007) (describing a supervised release violation as not "a 'triable' offense, but, rather, a violation that may result in an increase in a sentence").

In any event, even if there was a Rule 5 violation, the federal courts uniformly have held that dismissal is generally not an appropriate remedy for a violation of the prompt-arraignment requirement of that rule. *See, e.g., United States v. Carruthers*, 458 Fed. Appx. 811, 818 (11th Cir. Feb. 14, 2012) ("The district court did not abuse its discretion when it denied Carruthers's motion to dismiss his indictment. During the six days between Carruthers's arrest and presentment no interrogation occurred, no statements were taken from Carruthers, and no evidence was gathered. The only remedy we have recognized for a violation of Rule 5 is the suppression of evidence obtained as a result of the violation.") (citing *United States v. Mendoza*,

5

473 F.2d 697, 702 (5th Cir. 1973)[2]); *see also United States v. Jerningan*, 582 F.2d 1211, 1214 (9th Cir. 1978); *United States v. Stirling*, No. 11-20792-CR, 2012 WL 1200402, at *6 (S.D. Fla. Apr. 10, 2012); *United States v. DiGregorio*, 795 F. Supp. 630, 634 (S.D.N.Y. 1992).

Second, there was no violation of the *McLaughlin* forty-eight-hour presentment rule. The failure to promptly present a person charged with a crime for determination of probable cause implicates the Fourth Amendment. *Gerstein v. Pugh*, 420 U.S. 103 (1975) (holding that the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest). In *McLaughlin*, the Court held that generally such determinations must be made within forty-eight hours of a warrantless arrest. *McLaughlin*, 500 U.S. at 56. In the present case, Baquis-Serrano's Fourth Amendment rights were not offended because he was not arrested without a warrant, but rather on the arrest warrant issued as a result of the supervised-release-violation petition, that being the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

only warrant pending against him at the time. Moreover, he properly and promptly was brought before Magistrate Judge Walker.[3]

In any event, dismissal of an indictment is not the appropriate remedy for a Fourth Amendment violation, generally,[4] or, more particularly, for a violation of the forty-eight-hour presentment rule announced by *McLaughlin*. The Supreme Court did not hold, in either *Gerstein* or *McLaughlin*, that the Constitution mandates dismissal of the charges for violation of the promptness requirement. To the contrary, although declining to reach the question, the Supreme Court has stated that from the mere existence of such a violation "[i]t does not necessarily follow . . . that [the defendant]

---

[3] Baquis-Serrano waived his preliminary hearing on the supervised-release-violation petition. [*See* Doc. 34 in No. 1:07-cr-217-WSD-CCH].

[4] *United States v. Morrison*, 449 U.S. 361, 366 (1981) (stating that "we have not suggested that searches and seizures contrary to the Fourth Amendment warrant dismissal of the indictment. The remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgression."); *see also United States v. Franklin*, 598 F.2d 954, 957 (5th Cir. 1979) (indicating that proper remedy for illegally seized evidence was suppression, not dismissal of the indictment); *United States v. Mwangi*, No. 1:09-CR-107-TWT, 2010 WL 690136, at *8 (N.D. Ga. Feb. 18, 2010) (Thrash, J., *adopting* Baverman, M.J.) ("Even if law enforcement violated the Fourth and Fifth Amendments in obtaining evidence, dismissal of the indictment is not the appropriate remedy for such violations."); *Diaz v. United States*, No. 2:05-cv-2, 2005 WL 3467523, at *3 (M.D. Fla. Dec.19, 2005) ("The remedy for a violation of the Fourth Amendment is the suppression of the evidence and its fruits, not dismissal of an indictment.").

must be 'set free' or gain other relief." *Powell v. Nevada*, 511 U.S. 79, 84 (1994) (citation omitted). In analogous circumstances, the Supreme Court has held that neither dismissal nor release is an appropriate remedy for the government's failure to hold a detention hearing upon the defendant's first appearance as required by the Bail Reform Act. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 717 (1990). Thus, Baquis-Serrano is not entitled to dismissal of the present indictment even if the forty-eight-hour presentment rule was violated.

Nor has Baquis-Serrano pleaded or made out a due-process violation. The statute of limitations is the primary safeguard against the government bringing stale criminal charges, *United States v. Marion*, 404 U.S. 307, 322 (1971), but when a defendant establishes substantial prejudice, due process may require the dismissal of an otherwise timely indictment if the delay was the product of a deliberate act by the government to gain a tactical advantage. *United States v. Ramirez*, 491 Fed. Appx. 65, 70 (11th Cir. Sept. 28, 2012) (citing *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996)). As the Eleventh Circuit explained in *Ramirez*, where the defendant does not argue that the applicable statute of limitations barred his prosecution, he shoulders the burden of "show[ing] that pre-indictment delay was deliberate for the purpose of tactical advantage." *United States v. Thomas*, 62 F.3d 1332, 1339

8

(11th Cir. 1995). "To meet this burden, he must establish either that the government acted in 'bad faith' by intentionally delaying the prosecution to cause him prejudice or that 'the government ma[de] a judgment about how it [could] best proceed with litigation to gain an advantage over the defendant and, as a result of that judgment, [the] indictment [was] delayed.' " *Ramirez*, 491 Fed. Appx. at 70 (quoting *Foxman*, 87 F.3d at 1223 n.2). Baquis-Serrano has not satisfied this standard.

Moreover, to the extent that Baquis-Serrano is making a speedy trial claim, he has not properly asserted one either under the Sixth Amendment Speedy Trial guarantee or the statutory right under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 *et seq.* The protections of the Sixth Amendment are activated "only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *Marion*, 404 U.S. at 313. An accusation has generally been considered to include only " 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge.' " *United States v. Lovasco*, 431 U.S. 783, 788 (1977) (quoting *Marion*, 404 U.S. at 320); *United States v. Reme*, 738 F.2d 1156, 1162 (11th Cir. 1984). When arrest is used as the basis for triggering the Sixth Amendment right to a speedy trial, however, " 'the basis for the arrest is critical.' " *United States v. Nixon*, 634 F.2d 306, 309 (5th Cir. 1981) (quoting

9

*Gravitt v. United States*, 523 F.2d 1211, 1215 n.6 (5th Cir. 1975); *United States v. Avalos*, 541 F.2d 1100, 1109 (5th Cir. 1976)).

Here, the basis for Baquis-Serrano's arrest was the supervised-release-violation petition, and not the new criminal charge he is facing in this case. In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a four-part balancing test for determining whether a defendant received a speedy trial within the meaning of the Sixth Amendment. Under *Barker*, a court must consider: (1) the length of the delay; (2) whether the defendant asserted his right; (3) the reason for the delay; and (4) the prejudice to the defendant. *Id.* at 530. As a threshold inquiry, the petitioner must demonstrate that the length of the delay is presumptively prejudicial. *Id.* "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* The Sixth Amendment's Speedy Trial right generally is not implicated in periods of delay of less than one year. *See Doggett v. United States*, 505 U.S. 647, 651 n.1 (1992) (without setting minimum boundaries, noting that "the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year") (citation omitted). Thus, absent extreme prejudice or a showing of willfulness by the prosecution to delay the trial in order to hamper the defense, delay of less than one year does not trigger the Sixth Amendment's

10

Speedy Trial guarantee. *Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994). Here, Baquis-Serrano has not demonstrated that the delay was caused by the government's wilfulness, nor has he shown how he was prejudiced by the fifty-eight days of delay between his arrest on the supervised-release-violation warrant and the return of the pending indictment. Thus, he has not made out a constitutional speedy-trial claim.

Finally, he has not established a violation of his statutory speedy-trial right. The STA only applies to an individual who has been formally charged with an offense. *United States v. Sayers*, 698 F.2d 1128, 1131 (11th Cir. 1983) (holding that the STA was not triggered when the accused was taken into custody, photographed, and fingerprinted, but did not have a complaint or formal charge filed against him). Moreover, the fact that a subsequent charge arises out of the same criminal event as an earlier charge does not mean that the earlier charge triggers the STA for purposes of the later charge. *United States v. Keel*, 254 Fed. Appx. 759, 761 (11th Cir. Nov. 8, 2007) (citing *United States v. Derose*, 74 F.3d 1177, 1184 (11th Cir. 1996)).

*Keel* dictates the outcome of the issue in this case. As the *Keel* Court recognized, a violation of supervised release, if it is a criminal act, may be prosecuted separately for (1) the supervised-release violation, and (2) the substantive criminal act. *Keel*, 254 Fed. Appx. at 761 (citing *Johnson v. United States*, 529 U.S. 694, 700 (2000)). In

11

*Keel*, the defendant was on supervised release for a 1998 conviction for attempting to transport loggerhead sea turtles, when he was arrested in 2004 for a violation of supervised release by stealing turtle eggs. He was not indicted for the 2004 theft of the turtle eggs until 2006, two years after the supervised-release violation was brought. *Id.* at 759-60. The *Keel* Court nonetheless found that the STA was not violated, because the defendant only was charged with the 2004 turtle-egg theft as a violation of his supervised release, not as a substantive federal charge. It held that he was not arrested for purposes of the STA until 2006 when he was indicted and arrested in 2006 for the 2004 criminal conduct. *Id.* at 760.

That analysis applied in the present case mandates rejection of Baquis-Serrano's arguments. Baquis-Serrano was initially arrested on February 28, 2013, for a violation of his supervised release only. The STA did not apply to that arrest because he was not charged with new criminal conduct. The STA's speedy-trial clock began to run only when he was charged and arrested with new criminal conduct as alleged in the instant indictment.

As a result, Baquis-Serrano's motion to dismiss the indictment should be denied.

12

*Conclusion*

For all of the above reasons, the undersigned **RECOMMENDS** that Baquis-Serrano's motion to dismiss the indictment, [Doc. 12], be **DENIED**.  The Court now has ruled on all pretrial motions.  Accordingly, the case is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED and CERTIFIED**, this the 11th day of September, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

13

AO 72A
(Rev.8/82)